In re Petition for DISCIPLINARY ACTION AGAINST Clarkson LINDLEY, an Attorney at Law of the State of Minnesota.

No. C4–95–1026.

Supreme Court of Minnesota.

Oct. 27, 1995.

Patrick R. Burns, Senior Assistant Director, Office of Lawyers Professional Responsibility, St. Paul, for appellant.

Clarkson Lindley, Wayzata, Pro Se.

## OPINION

PER CURIAM.

The Director of the Office of Lawyers Professional Responsibility filed a petition for disciplinary action against respondent Clarkson Lindley alleging trust account violations and misappropriation of client funds, neglect of client affairs, misrepresentation to a client, and a failure to cooperate with the disciplinary investigation. The allegations of the petition were deemed admitted by virtue of respondent's failure to answer the petition. Remaining then is the question of what discipline to impose for the various actions of misconduct.

Respondent was retained by a client in 1993 to defend her in a third-party action for homeowner association dues delinquencies. While he accepted the client's retainer, he did not draft or file critical documents, did not remit funds provided by the client to cure the deficiencies and, when discharged, did not return the client's file, the remittances or other documentation. Further, he did not draft, as he had agreed, a quit claim deed in favor of the client that would have defined her interest in the property. Ultimately, a default judgment was entered against the client. This attorney-client relationship is best characterized as seriously neglectful, involving unfulfilled promises to act on the client's behalf, to protect her interests and to communicate the status of the proceedings.

In addition, the Director audited respondent's trust account, discovering that during the period from January 1, 1993 to July 29, 1994, when the funds of only three clients were deposited, respondent had withdrawn monies in excess of that deposited, for his benefit alone. While the amounts taken were minimal, the misappropriation resulting in the shortage amounts to misconduct. Moreover, the audit also revealed the inadequacy of record maintenance and a false certification as to that record maintenance.

Finally, the record discloses respondent's failure to cooperate with the Director's investigation and to respond to the petition for disciplinary action.

We are persuaded that the cumulative misconduct is serious and warrants respondent's indefinite suspension from the practice of law, with leave to apply for reinstatement not earlier than two years from the date of this decision. He has not only demonstrated a woeful disregard of his client and trust account obligations, but also a serious misapprehension of the public trust those obligations entail. Before reinstatement, respondent must successfully complete the professional responsibility examination required of applicants to the Minnesota bar, comply with the provisions of Rule 26, Rules on Lawyers Professional Responsibility, and pay to the Director costs and disbursements in the amount of $750 pursuant to Rule 15(a)(8), Rules on Lawyers Professional Responsibility.

Indefinite suspension ordered.